**UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF NEBRASKA**

| | |
|---|---|
| In re: ) | |
| ) | |
| **Heritage Disposal and Storage, LLC,** ) | Case No. 19-40297 |
| ) | Chapter 11 |
| ) | |
| **Debtor.** ) | |

**RESPONSE TO APPLICATION TO EMPLOY SPECIAL COUNSEL**

Comes now Daniel J. Casamatta, the Acting United States Trustee and hereby submits the following Response to the Application to Employ Special Counsel filed by the Debtor:

1. The Debtor has filed an Application to Employ David C. Huston of Huston & Higgins Law Firm as Special Counsel for the Debtor in order to negotiate, among other things, Debtor-in-Possession financing, contracts, and other agreements of Debtor.

2. The Schedules of Liabilities filed in this proceeding indicate that Dave Huston has a pre-petition unsecured non-priority claim against the Debtor in the amount of $187,790.79. Further, the Schedules of Liabilities indicate that Huston & Higgins has a pre-petition unsecured non-priority claim against the Debtor in the amount of $24,400.00.

3. The List of Equity Security Holders filed in this proceeding indicate that Dave Huston owes 4.91 percent of the shares of the Debtor and is listed as Secretary.

4. As David Huston and Huston & Higgins Law Firm is a creditor of the debtor, David Huston and Huston & Higgins Law Firm is not a disinterested person as defined in 11 U.S.C. Section 101(14)(A).    Further, as David Huston is an equity security holder, he is not a disinterested person.   101(14)(A).    It also appears that David Huston may be an officer; making him a non-disinterested person as defined by 11 U.S.C. Section 101(1)(14)(B).

5. Pursuant to 11 U.S.C. Section 327(a), a debtor in possession may only employ, with the court's approval, a disinterested person that does not hold or represent an interest adverse to the estate, to assist the debtor in possession in carrying out the debtor in possession's duties under this title.

6. The Court has previously approved the employment of attorney John A. Lentz and the law firm of Lepant & Lentz  to assist the debtor in possession in carrying out its duties under this title.

7. Pursuant to 11 U.S.C. Section 327(e), the debtors, with the Court's approval, may employ, for a specified special purpose, other than to represent the debtor in possession in conducting the case, an attorney that has represented the debtor, if in the best interests of the estate, and if such attorney does not represent or hold an interest adverse to the debtor or to the estate with respect to the matter on which such attorney is employed.

8. David Huston and Huston & Higgins has previously represented the Debtor so it appears that he may be employed as special counsel other than to represent the debtor in possession in conducting the case if it is in the best interests of the estate and he does not hold an interest adverse to the debtor or to the estate with respect to the matters on which he will be employed.    11 U.S.C. Section 327(e).

9. There is no requirement under 11 U.S.C. Section 327(e) that special counsel must be disinterested.   Therefore, the fact that special counsel has a pre-petition claim and is a creditor of the debtor does not preclude the attorney's employment as special counsel. *See In re J.S. II, LLC,* 371 B.R. 311 (Bankr. N.D. Ill. 2007).

10. The Debtor should be required to provide further information as to the services that will be performed by David Huston and Huston & Higgins in this case as it appears that the services that will be performed may be representing the debtor in possession in conducting this case and not for a specified special purpose.

      DATED this 25th day of March, 2019.

Respectfully submitted,

DANIEL J. CASAMATTA
ACTING UNITED STATES TRUSTEE

BY:   **/s/ Jerry L. Jensen**
Acting Assistant U.S. Trustee
Office of the United States Trustee
Roman L. Hruska U.S. Courthouse
111 S. 18th Plaza, Suite 1148
Omaha, NE 68102
Tel:   (402) 221-4302
Email: Jerry.L.Jensen@usdoj.gov

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served this 25th day of March, 2019, by electronic notice on those parties having entered their appearance under the Electronic Filing System (ECF)

/s/ Jerry L. Jensen