IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | ) Chapter 11 |
| HERITAGE DISPOSAL AND STORAGE, LLC | ) Case No. 19-40297 |
| Debtor. | ) |

### DECLARATION OF THOMAS O. KELLEY IN SUPPORT OF FIVE POINTS BANK'S MOTION FOR ADEQUATE PROTECTION OR RELIEF FROM THE AUTOMATIC STAY

I, Thomas O. Kelley, do hereby state and declare as follows:

1. I am Chief Executive Officer of Five Points Bank, a Nebraska banking corporation ("Five Points"). I am one of the custodians of the Five Points' records with respect to the loans extended to the Debtor, Heritage Disposal and Storage, LLC (the "Debtor"). I am also one of Five Points' personnel who has been responsible for administrating the loans extended to the Debtor by Five Points. I am duly authorized by Five Points to offer this Declaration on its behalf and have personal knowledge of the facts set forth herein.

2. Five Points filed its Proof of Claim in this case as Claim No. 10 (the "Five Points Claim"), which I executed on behalf of Five Points. I have attached a copy of the Five Points Claim as Exhibit "A" to this Declaration. I affirm each of the statements therein to be accurate and to correctly reflect the amounts owed to Five Points by the Debtor as of the Petition Date. I further affirm that the Promissory Notes, Deeds of Trust, Security Agreements, and other loan documents attached to the Five Points Claim are

true and accurate copies of records taken from Five Points' business files and consists of documents regularly maintained by Five Points in the ordinary course of business.

3. As of the Petition Date, the Debtor owed Five Points the following amounts, plus continuing interest as more particularly set forth in the Five Points Claim (the "Five Points Loans").

| Loan No. | Principal | Interest as of March 26, 2019 | Fees and/or Late Charges | Total | Per Diem |
|---|---|---|---|---|---|
| 101260351 | $2,795,362.08 | $369,681.34 | $500.00 | $3,165,543.42 | $504.72 |
| 101274613 | $35,168.19 | $4,762.35 | $0 | $39,930.54 | $6.35 |
| 101313016 | $250,000.00 | $14,805.55 | $0 | $264,805.55 | $45.14 |
| 101271199 | $663.10 | $15.92 | $32.86 | $711.88 | $.12 |
| Total | $3,081,193.37 | $389,265.16 | $532.86 | $3,470,991.39 | $556.33 |

4. The Five Points Loans are secured by first priority deeds of trust and security agreements in all the Debtor's real and personal property including its real estate, inventory and other property of any description.

5. The Debtor did not pay the amounts due to Five Points under the Five Points Loans and loan documents when and as required thereunder, was placed in default, and foreclosure proceedings were commenced on Debtor's real estate that were stayed shortly before the foreclosure sale by Debtor's bankruptcy filing.

6. Other than minimal payments of $657.26 through monthly auto-withdrawals that ended in November 2018, Five Points has received only one small principal payment of $75,528.00 since March of 2018.

7.   The Debtor defaulted on the Five Points Loans by failing to make the payments when due. This also constituted a default under Five Points Deeds of Trust, Security Agreements and other loan documents.

8.   The Debtor's property sits in a flood plain and the Debtor is required to have flood insurance under the Deeds of Trusts. Five Points was notified flood insurance was cancelled post-petition. The lack of flood insurance has been raised by Five Points' regulators which are requiring it be addressed. This will require Five Points to force place the insurance at its cost if the Debtor's default continues.

FURTHER DECLARANT SAYETH NAUGHT.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22nd, 2019.

_____
Thomas O. Kelley

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served by electronic filing utilizing the Court's CM/ECF system which gave notification electronically upon all parties who have filed an appearance or motion by electronic filing in this case on this 22nd day of May 2019.

/s/ James J. Niemeier
_____

3