IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Case No. BK 19-40297 |
| | ) | |
| HERITAGE DISPOSAL AND STORAGE, LLC, | ) ) | |
| | ) | |
| Debtor(s). | ) | Chapter 11 |

### **LIMITED OBJECTION TO MOTION FOR ADEQUATE PROTECTION FILED BY FIVE POINTS BANK**

COME(S) NOW the Debtor(s), by and through its attorney, John A. Lentz, and hereby resists the Motion for Adequate Protection filed by Five Points Bank ("Creditor") for the following reasons and each of them:

1. Debtor admits it owed Creditor on the date of filing and that there was a default of the terms of the note between the parties on said date.
2. Debtor is willing to allow an appraisal and inspection/sampling of materials and its premises, however, due to the nature of Debtor's business and contracts, and federal law it cannot simply turn over possession of the materials as they are explosive materials that require security and other safe procedures in place. Debtor has outlined conditions to Creditor, who appears to not have wanted to comply.
3. Debtor cannot simply allow Creditor, or it's agents to take possession of any materials on Debtor's premises without conditions.
4. Creditor knew what business Debtor was in when it advanced sums to it. To now insist on unfettered access, sans any condition, to Debtor's property is unreasonable and not indicative of past dealings between Debtor and Creditor.
5. Creditor makes issue in its motion of the materials stored upon Debtor's land and the alleged lack of opportunity to inspect, however, Creditor had no qualms with attempting to exercise its remedies under state law, which was stopped by Debtor's filing of this case without such knowledge, but now takes issue in the same.
6. Debtor has continued to work on obtaining flood insurance in a way that will be beneficial for all parties involved, however, Creditor has not given Debtor sufficient time to do so. The policy in the past had a premium amount and deductible amount to coverage, so it was nonsensical and Debtor is working on remedying that problem with a solution, however, Debtor needs time to do so. It is also questionable whether or not flood insurance is necessary.
7. Debtor is objecting to Creditor's motion for adequate protection in a limited fashion, meaning it is not opposed to appraisals, inspection and sampling, and flood insurance, however, Creditor has demanded unfettered access to materials, insurance that may not be necessary and other items without regard to practicalities.

WHEREFORE Debtor(s) pray that Creditor's Motion for Adequate Protection be denied.

By:   /s/ John A. Lentz
John A. Lentz, #24420
Lepant & Lentz, PC, LLO
601 Old Cheney Rd., Suite B
Lincoln, NE 68512

                (402) 421-9676
                john@lepantandlentz.com
                Attorney for Debtor(s)

## **CERTIFICATE OF SERVICE**

The undersigned relies on the ECF system to provide notice of the foregoing to the Office of the United States Trustee, James A. Overcash, Chapter 12 Trustee and counsel for Creditor, James J. Niemeier.

                /s/ John A. Lentz
                John A. Lentz